IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Shawn R. Seibert, | ) | Case No.: 1:20-cv-03852-JD-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Officer R. Braswell, L.T. Lawson, and | ) | |
| Classification J. Reid, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Shiva V. Hodges ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Plaintiff Shawn R. Seibert ("Seibert" of "Plaintiff"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights as a pretrial detainee housed at Laurens County Detention Center ("LCDC") in Laurens, South Carolina.

Seibert filed a Complaint on November 4, 2020, against Officer R. Braswell ("Braswell"), L.T. Lawson ("Lawson"), and Classification J. Reid ("Reid") (collectively "Defendants"), in their individual capacities, alleging intentional infliction of emotional distress and cruel and unusual punishment. (DE 1.) Plaintiff's Complaint alleges on September 1, 2020, his cellmate, Inmate Hunnicutt ("Hunnicutt"), was moved out of the cell because he had threatened to kill Plaintiff. On

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

September 19, 2020, Plaintiff hit the panic button in the cell and reported Hunnicutt was harassing him. On October 4, 2020, Plaintiff was assaulted by Hunnicutt. Plaintiff alleges he suffered a gash above his left eye, his eye was swollen shut, and he has been having vision problems. (DE 31, pp. 1-6, DE 1, p. 6.) Following the incident, Hunnicutt was removed from the cell and taken to Cmax. (DE 28-3, p. 5.) Plaintiff was seen by a nurse and found to have a minor laceration above his left eye with no medical distress noted. (DE 28-3, p. 3.) The parties have not argued or submitted evidence of any incident occurring after the October 4, 2020, incident. Plaintiff seeks monetary and punitive damages totaling $30,000 and a TRO against the officers. (DE 1, p. 6.)

Defendants filed a Motion for Summary Judgment alleging *inter alia* that Plaintiff's Complaint does not give rise to a constitutional deprivation and that Defendants are entitled to qualified immunity as a matter of law. (DE 28.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advised Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' motion. (DE 29.) Plaintiff filed a response in opposition to Defendants' Motion for Summary Judgment on May 26, 2021. (DE 31.)

On June 4, 2021, the Magistrate Judge issued a Report and Recommendation, recommending that Defendants' Motion for Summary Judgement be granted because 1) Plaintiff has failed to show that he was incarcerated under conditions posing a substantial risk of serious harm or that prison officials acted with a deliberately indifferent state of mind, and 2) to the extent Plaintiff believes his medical needs required different treatment than he received, a difference of opinion as to the proper course of medical treatment fails to raise a genuine issue of material fact under the Fourteenth Amendment. (DE 32, pp. 9-11.)

The Plaintiff filed no objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation

for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).  After a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation (DE 34) and incorporates it herein.

It is, therefore, **ORDERED** that Defendants' Motion for Summary Judgment (DE 28) is granted; and accordingly, Plaintiff's Compliant is dismissed.

**IT IS SO ORDERED.**

                                                                      Joseph Dawson, III
United States District Judge

Greenville, South Carolina
August 4, 2021

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.